Fourth Appellate Department, September, 1899. Reported. 43 App. Div. 623.

HENRY H. LYMAN, as State Commissioner of Excise, Respondent, against JAMES HAYES and FIDELITY AND DEPOSIT COMPANY, of Maryland, Appellants.

APPEAL from an order of the Trial Court directing a verdict for plaintiff in an action to recover on a bond given pursuant to section 18 of the Liquor Tax Law, it being alleged that conditions of bond were violated by defendant's suffering and permitting gambling with cards to be done on the licensed premises.

*Tracy, Boardman & Platt,* Attorneys for Appellant, Fidelity & Deposit Co.

*Hiscock, Doheny, Williams & Cowie,* of Counsel.

A verdict can be directed only where the evidence is undisputed or so certain and convincing that a reasonable man could come to but one conclusion. Illston v. Evans, 27 App. Div. 447; Bulger v. Rosa, 119 N. Y. 459; Bagley v. Bowe, 105 N. Y. 171; Bloom v. Cox Shoe Co., 154 N. Y. 711. Conflict of testimony between two witnesses raises a question for jury. Felbel v. Kahn, 29 App. Div. 270. It is the "rule and policy of the law to allow all testimony to go to and be weighed by the jury." Williams v. D. L. & W. R. R. Co., 155 N. Y. 158; Ten Eyck v. Whitbeck, 156 N. Y. 341; Hunter v. N. Y. O. & W. R. R. Co., 116 N. Y. 615; People v. Chap-

lean, 121 N. Y. 266.   In determining this appeal, the facts and circumstances most favorable to appellants must be regarded as established, for the court having directed a verdict the parties against whom it was directed are entitled to the most favorable inferences deducible from the evidence.   Rehberg v. Mayor, etc., 91 N. Y. 137; Weil v. D. D. E. B. & B. R. R. Co., 119 N. Y. 147-152; Ladd v. Aetna Ins. Co., 147 N. Y. 478; Higgins v. Eagleton, 155 N. Y. 466; Ten Eyck v. Whitbeck, 156 N. Y. 341.   Assuming the truth of plaintiff's evidence, the bond was not necessarily and as a matter of law, violated, for upon the facts proved, only a jury could predicate the conclusion as to whether .the defendant was carrying on the traffic, business or occupation of gambling or permitting the same to be carried on on his premises, and at the same time trafficking in liquors.

*Mead & Stranahan*, attorneys for plaintiff-respondent.

The plaintiff was entitled to recover the full sum named in the bond, if entitled to recover at all.   Lyman v. Rochester Title Insurance Co., et al., 37 App. Div. 234; Lyman v. Shenandoah Social Club, et al., 39 App. Div. 459; Lyman v. Gramercy Club, et al., 39 App. Div. 661; Lyman v. Broadway Garden Hotel & Cafe Co., 33 App. Div. 130.   The principal is liable to third persons, in a civil action, for the frauds, torts, negligences and other mal-feasances of his agent in the course of his employment, although the principal did not authorize, justify or participate in, or indeed, know of, such misconduct, or even if he forbade the acts, or disapproved of them.   Story on Agency, p. 452-563; Lee v. Village of Sandy Hill, 40 N. Y. 448; Davis v. Bemis, 40 N. Y. 453; Attorney General v. Sidden, 1 Cromp. & Jer. R. 219; Common-wealth v. Nichols, 10 Metcalf, R. 259.   This principle has been applied uniformly by the courts as to violations of the excise law. Smith v. Reynolds, 8 Hun 129; Overseers of Poor v. Hall, 20 Weekly Digest 33; Amerman v. Kall, 34 Hun 126; George v. Gobey, 128 Mass. 289; Mecham on Agency, sec. 745; Matter of Michell, 41 App. Div. 272; Matter of Kinzel, 28 Misc. 622.   The rule seems to be based not upon any presumed authority in the agent to do the acts, but upon the ground of public policy. Lee v. Village of Sandy Hill, *supra*; Davis v. Bemis, *supra*.   Where there is no evidence upon an issue before the jury, or the weight of evidence is so decidedly preponderating in favor

of one side, it is the duty of the trial judge to non-suit or to direct a verdict, as the case may require. Linkhauf et al. v. Lombard, 137 N. Y. 425; Hemmens v. Nelson, 138 N. Y. 529-530.

Arthur Beebe, attorney for appellant, James Hayes.

William L. Barnum, of counsel.

(No points.)

Judgment affirmed with costs. All concurred.

---

Fourth Appellate Department, September, 1899. Reported. 43 App. Div. 623.